47 F.3d 1168
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Luigi GAROFALO, P.E., Plaintiff-Appellant,
v.
SYSTEMS CONTROL DIVISION a/k/a M. J. Electric, Inc.,
Defendant-Appellee.
 No. 94-3622.
 United States Court of Appeals, Sixth Circuit.
 Jan. 31, 1995.
 
 1
 Before: KENNEDY and SUHRHEINRICH, Circuit Judges; and HOOD, District Judge.*
 
 ORDER
 
 2
 Luigi Garofalo, pro se, appeals a district court judgment granting the defendant's motion for summary judgment. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 In his complaint, Garofalo alleged theft of trade secrets, improper "luring" of witnesses during state court litigation between Garofalo and the defendant, and violation of a protective order entered by the state court in that same litigation. Specifically, Garofalo alleged that Systems Control Division (Systems) committed the following illegal acts: 1) violated the protective order entered into during the state court litigation by disseminating to an expert witness some of the "confidential" information that was to be designated as such; 2) wrongfully "lured" the witnesses who were deposed in the case by claiming that Hydraulic Valves, Inc. (Garofalo's company), rather than Systems, was in need of their testimony; 3) withheld certain documents in the state suit that would have been in Hydraulic's favor; and 4) further violated the protective order by failing to return confidential information to Garofalo after the litigation was over and by disseminating the information to other competitors after a settlement was reached.
 
 
 4
 The district court construed each allegation liberally and concluded that the settlement agreement barred all of Garofalo's claims that arose out of conduct occurring prior to February 21, 1990, the date of the agreement. As to conduct occurring after that date, the court found no issue of material fact to prevent summary judgment. Lastly, the court found no evidence to support Garofalo's arguments that Systems had breached the protective order in any other manner. Thus, summary judgment was granted in favor of the defendant.
 
 
 5
 On appeal, Garofalo repeats the arguments that he presented to the district court. Garofalo emphasizes, on appeal, that the trade secrets which he now alleges have been misappropriated are not the same trade secrets that were the subject of his lawsuit in state court. Specifically, the trade secrets he now accuses Systems of using concern a smaller component (the "valve cartridge") of the larger hydraulic control unit that was the subject of the litigation in the Ohio courts.
 
 
 6
 This court's review of a grant of summary judgment is de novo, using the same test as used by the district court. Deaton v. Montgomery County, 989 F.2d 885, 887 (6th Cir. 1993). Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Id. Upon review, this court concludes that, for the reasons stated by the district court, there are no genuine issues of material fact precluding summary judgment in favor of the defendants.
 
 
 7
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation